# In the United States Court of Federal Claims

No. 14-66C

(Filed: May 12, 2014)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CHRISTOPHER SCOTT BARKSDALE,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Christopher Scott Barksdale*, appearing *pro se*, Cleveland, Ohio.

*Benjamin Mark Moss*, with whom were *Stuart F. Delery*, Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and *Kirk T. Manhardt*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for Defendant.

## OPINION AND ORDER

WHEELER, Judge.

Plaintiff Christopher Barksdale filed a *pro se* complaint in this Court on January 27, 2014. Mr. Barksdale's claim stems from a decision of the United States District Court for the Northern District of Ohio. In that case, Mr. Barksdale was challenging a foreclosure action, and the District Court dismissed Mr. Barksdale's case after determining that his suit was frivolous. That decision was appealed to the United States Court of Appeals for the Sixth Circuit, but the appeal was dismissed for failure to prosecute. Now, Mr. Barksdale asks this Court to award $32,300,000 in damages as well as injunctive relief compelling the Sixth Circuit and the District Court for the Northern District of Ohio to establish changes in policies, procedures, and training to prevent such actions, as alleged in the complaint, from occurring in the future.

On March 14, 2014, the Government filed a motion to dismiss Mr. Barksdale's complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the U.S. Court of Federal Claims ("RCFC") and for failure to state a claim under Rule 12(b)(6). The motion has been fully briefed. For the reasons stated below the Government's motion is GRANTED.

## Background

In 2010, Mr. Barksdale filed suit in the Northern District of Ohio alleging that the State of Ohio committed fraud when the State adjudicated a foreclosure action against Mr. Barksdale's deceased mother. After filing his complaint, Mr. Barksdale petitioned for *in forma pauperis* status.[1] The District Court reviewed his complaint, determined it was frivolous, and dismissed the case pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court also denied post-judgment motions for relief from judgment and recusal. Mr. Barksdale appealed to the Sixth Circuit, but this appeal was dismissed for want of prosecution.

Now, Mr. Barksdale has filed a suit in this Court challenging the dismissal of his case under § 1915(e). According to Mr. Barksdale § 1915(e) discriminates against African Americans. Compl. 13. Furthermore, Mr. Barksdale argues that the judicial system is liable for a breach of contract of the International Covenant on Civil and Political Rights and a breach of contract of the judicial oath of office.

## Analysis

In reviewing a motion to dismiss, the Court must accept the allegations in the complaint as true, drawing all reasonable inferences in the plaintiff's favor. Ainslie v. United States, 355 F.3d 1371, 1373 (Fed. Cir. 2004) (citing Godwin v. United States, 338 F.3d 1374, 1377 (Fed. Cir. 2003)). Though *pro se* litigants are held to "less stringent standards than formal pleadings drafted by lawyers," failures to comply with the Court's jurisdictional requirements are not excused. Hampel v. United States, 97 Fed. Cl. 235, 237 (2011) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Where subject matter jurisdiction is challenged, the plaintiff must establish the Court's jurisdiction by a preponderance of the evidence. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988).

This Court's jurisdiction is established by the Tucker Act. 28 U.S.C. § 1491 (2006). To invoke jurisdiction under the Tucker Act, a plaintiff must point to a substantive right to money damages against the United States. Hamlet v. United States, 63 F.3d 1097, 1101 (Fed. Cir. 1995). Such a claim can be founded upon "the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491 (2006). Mr. Barksdale has failed to meet the burden of establishing jurisdiction for the following four reasons.

---

[1] The federal *in forma pauperis* statute was enacted to ensure that indigent litigants have meaningful access to the federal courts. However, Congress recognized that litigants whose filing fees are assumed by the public lack an economic incentive to refrain from filing frivolous lawsuits. Neitzke v. Williams, 490 U.S. 319, 324 (1989). As such, 28 U.S.C. § 1915(e)(2)(B) requires that United States District Courts dismiss cases which are frivolous or malicious; which fail to state actionable claims; and which seek monetary relief against a defendant who is immune from such relief.

2

First, he raises tort claims such as fraudulent inducement and misrepresentation. However, it is well settled law that this Court lacks jurisdiction under the Tucker Act to hear claims against the United States "sounding in tort." See, e.g., Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997) (citing 28 U.S.C. § 1491(a); Keene Corp. v. United States, 508 U.S. 200, 214 (1993)).

Second, Mr. Barksdale alleges that the Government committed criminal acts such as conspiracy, perjury, and violations of the Sherman Antitrust Act. However, this Court lacks jurisdiction to adjudicate claims under the federal criminal code. Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994).

Third, Mr. Barksdale's constitutional claims fail because he cites constitutional provisions that are not money-mandating. He raises Constitutional claims under the Preamble to the Constitution along with the First, Fourth, Seventh, Ninth, Tenth, Eleventh, and Thirteenth Amendments. Cf. Moden v. United States, 404 F.3d 1335, 1341 (Fed. Cir. 2005) (the portion of the Fifth Amendment which prohibits the taking of private property for a public purpose mandates the payment of money within the meaning of the Tucker Act). He also brings claims under the Fifth and Fourteenth Amendments sounding in equal protection and due process. These Constitutional provisions are not money-mandating and therefore fail to raise a fair inference of jurisdiction.

Fourth, the remainder of Mr. Barksdale's claims arise under various authorities that are outside the subject matter jurisdiction of the Court of Federal Claims. These claims relate to Ohio's statutory and constitutional provisions; the International Covenant on Civil and Political Rights; the Administrative Procedures Act; and the Rules of Decision Act. None of these authorities establishes a private right of action for money damages against the United States creating subject matter jurisdiction in this case.

## Conclusion

The Court does not have subject matter jurisdiction over any of Mr. Barksdale's claims. Therefore, Defendant's motion to dismiss under Rule 12(b)(1) is GRANTED, and the clerk is instructed to DISMISS the complaint without prejudice. Because the Court has determined that it must dismiss the case pursuant to Rule 12(b)(1), it does not need to address Defendant's alternative ground for dismissal under Rule 12(b)(6).

IT IS SO ORDERED.

*Thomas C. Wheeler*
THOMAS C. WHEELER
Judge